QIN DONG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–2027–ag.

United States Court of Appeals, Second Circuit.

May 31, 2006.

Hanbin Wang, New York, NY, for Petitioner.

H.S. Garcia, United States Attorney, Miguel A. Fernandez, Lisa E. Bhatua Gautier, Assistant U.S. Attorneys, San Juan, PR, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Qin Dong, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Douglas Schoppert's decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination, *see, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

 The IJ determined that Dong was not persecuted in China. Dong testified that she left China in order to avoid a forced abortion. She stated that when she attended her gynecological check-up and was informed that she would have to abort her illegal pregnancy, she told the official that she was planning on having an abortion but needed some time. Because Dong was neither forced to undergo an abortion or sterilization nor persecuted on account of her refusal or failure to submit to such a procedure, the IJ was reasonable in determining that she had not suffered past persecution in China.

 The IJ also found that Dong's fear of return to China based on the possibility of a forced abortion or sterilization in the event of giving birth to children in the future was too speculative. As Dong has presented no evidence, other than her professed desire to have more children, indicating that she is likely to have more children in the future and suffer persecution for violating the Chinese family planning policy, the IJ was reasonable in determining that she did not present sufficient objective evidence of a well-founded fear of future persecution. *Cf. Jian Xing Huang v. INS,* 421 F.3d 125, 129 (holding that agency reasonably rejected claim based on two United States-born children).

The IJ's determination that Dong failed to establish eligibility is substantially supported by the record as a whole. Because Dong does not address her fear of punishment for illegally departing China or her application for CAT relief, she has waived any challenges to the IJ's findings with respect to those issues. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).